**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-01309-002-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Richard A. Madril, | |
| Defendant. | |

Pending before the Court is Defendant Richard Madril's Motion to Sever his case from that of his co-defendant and spouse, Marivel Cantu-Madril. (Doc. 61.) The Government filed a response opposing severance. (Doc. 62.) No reply was filed. For the reasons set forth below, the Motion to Sever will be denied.

**I.  Background**

Mr. Madril and his wife, Ms. Cantu-Madril, operated a private law practice in Tucson, Arizona, specializing in immigration and criminal defense law. (Doc. 28 at 2.) The indictment alleges that Defendants deceived clients and government officials in various ways between 2012 and 2018. (*Id*. at 3–4.) Mr. Madril was charged with conspiracy to commit the offenses of forgery of judicial signatures, in violation of 18 U.S.C. § 505; use and possession of a counterfeit seal of an agency of the United States in violation of 18 U.S.C. § 506; mail fraud, in violation of 18 U.S.C. § 506; and wire fraud,

in violation of 18 U.S.C. § 1343. (*Id.* at 2–6). His co-defendant, Ms. Cantu-Madril, was also charged with conspiracy, as well as other offenses. (*Id.* at 2-12.)

## II. Legal Standard

If two or more defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," joinder of defendants is permitted. Fed. R Crim. P. 8(b). "The defendants may be charged in one or more counts together or separately" and "all defendants need not be charged in each count" for joinder to apply. *Id*. Severance of defendants is permitted if joinder "appears to prejudice" a defendant or the government. Fed. R. Crim. P. 14(a).

The Ninth Circuit has established four factors for a court to consider in determining the possibility of a "prejudicial effect of a joint trial." *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004). The four factors are: (1) whether the jury can reasonably "appraise the individual evidence against each defendant"; (2) "the judge's diligence in instructing the jury on the limited purposes for which certain evidence can be used"; (3) whether the evidence and legal concepts are "within the competence of the ordinary juror"; and (4) whether there was a risk that a joint trial would compromise a trial right or "prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 1241. "The first two factors are the most important in this inquiry." *Id*.

A joint trial is "particularly appropriate where the co-defendants are charged with conspiracy." *Id*. at 1242. This is so because prejudice is less likely to outweigh the interest of judicial efficiency when much of the same evidence is admissible against both defendants. *Id*. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Mutually antagonistic defenses are not prejudicial *per se*." *Id.* at 538. Furthermore, defendants are "not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id*. at 540. Any "spillover prejudice" resulting from a joint trial can, at least in some cases, be cured by appropriate jury instructions. *Fernandez*, 388 F.3d at

1243.

In *Fernandez*, twenty-four individual defendants were charged with twenty-nine counts, including racketeering, narcotics trafficking, and conspiracy to murder. *Id*. at 1215, 1241. The court severed those defendants who were eligible for the death penalty; the eleven remaining non-capital defendants were tried together. *Id*. at 1215. Even though the charges were serious, complex, and involved many defendants charged with different crimes, the Ninth Circuit held that the trial court did not abuse its discretion in refusing to sever the remaining defendants. *Id*. at 1246. "The test for abuse of discretion…is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000).

### III.    Discussion

Defendant Madril argues that severance is necessary because the jury would find it hard to believe that he was not involved in the offenses alleged only against his wife. (Doc. 61 at 2.) Defendant Madril further argues that the "spillover effect" of the evidence against Ms. Cantu-Madril will prejudice him and undermine his right to a presumption of innocence. (*Id*. at 3.) The Government opposes severance, arguing that any possibility of prejudice can be cured through proper jury instructions. (Doc. 62 at 2-3.)

Defendant has not alleged sufficient prejudice to warrant severance of his case. The essence of Defendant's argument is that evidence against Ms. Cantu-Madril will "spill over" to Mr. Madril, causing him unfair prejudice. However, Defendant does not address the possibility that appropriate jury instructions could cure the alleged prejudice. *Fernandez*, 388 F.3d at 1243. Defendant also does not explain specifically how the evidence in this case would be likely to confuse the jury or prevent the jury from making a reliable judgment. *Id*. at 1241. Furthermore, Defendant does not allege any specific prejudice related to co-defendants' spousal relationship which might weigh in favor of severance. *See, e.g.*, *United States v. Dobson*, No. CRIM. 02-616-06, 2003 WL 22427984

(E.D. Pa. Aug. 18, 2003); *United States v. Vaccaro*, 816 F.2d 443, 450 (9th Cir. 1987), *abrogated on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988).

A joint trial is appropriate here because the co-defendants are charged with conspiracy and much of the same evidence will likely be admissible against both defendants. *Fernandez*, 388 F.3d at 1242. Defendant has not demonstrated that manifest prejudice will result from a joint trial. *Baker*, 10 F.3d at 1387.

Accordingly,

**IT IS ORDERED** that Defendant Madril's Motion to Sever (Doc. 61) is **denied**.

Dated this 20th day of September, 2019.

Honorable Rosemary Márquez
United States District Judge