Law Offices of
ISABEL M. AMSEL
20 South Stone #613
Tucson AZ 85701
 (AZ Bar No. 023945)
Email: *isabelamsel@outlook.com*
Telephone: (520) 400-0721
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| United States of America, | CR18-1309-RM (LAB) |
|---|---|
| Plaintiff, vs. | |
| Richard A. Madril | **MOTION FOR ORDER TO CEASE AND DESIST** |
| Defendant. | |

COMES NOW the defendant, Richard A. Madril, by and through undersigned Counsel, and provides this motion asking the Court to order the Government to cease and desist contact with Bill Grajeda of United States Probation in Tucson, for the following reasons:

1) A Motion to Revoke Supervised Release is pending now before the Court. Additional motions and a response have been filed and additional defense motions are in process.  A motions hearing is set for November 9, 2022 and evidentiary hearing is set November 16, 2022.

1

1) The allegations in the Government's motion include allegations that the defendant's employment was not approved of by probation as required by the defendant's conditions of release.

2) Counsel understood from the defendant that Mr. Grajeda was in possession of facts, including exculpatory facts, regarding the allegations.

3) On October 24, 2022 Counsel contacted Bill Grejda, the probation officer supervising Mr. Madril at the time of the allegations, to see if he could confirm the facts Mr. Madril related.  Mr. Grajeda informed Counsel he had no knowledge of the Motion to Revoke or any of the facts.  Counsel directed him to the docket. After a short discussion, Counsel learned Mr. Grajeda could provide relevant testimony favorable to the defendant, and Counsel told Mr. Grajeda she now considered him a defense witness and admonished him not to contact AUSA Sullivan. Mr. Grajeda said he was completely unfamiliar with the process of the AUSA filing a revocation and did not understand what his responsibilities here were; he indicated he would speak to his supervisor.  Counsel informed Mr. Grajeda that she would file a notice with the Court which he could provide to his supervisor and prepare to discuss the issue at the next hearing.

4) The morning following her conversation with Mr. Grajeda, Counsel filed a Notice of Intent to call Mr. Grajeda as a witness and notifying the Court of the dilemma about the probation department's status in this procedural posture.  Counsel asked the

Court to determine that issue at the November 9 hearing already set. Counsel sent the notice to Bill Grajeda.

5) On October 26, 2022, Counsel received an email from Mr. Grajeda informing her that, after his conversation with her on October 24, Mr. Grajeda spoke to Mr. Sullivan. He indicated he and Mr. Sullivan had begun to negotiate a resolution of the Motion to Revoke without an evidentiary hearing. Mr. Grajeda outlined the process the AUSA agreed to involving redrafting the special condition written by Judge Marquez that is the subject of the revocation. Mr Grajeda stated that the "…AUSA will call chambers to advise we will likely be coming up with an alternative to an evidentiary hearing, but will be asking for a hearing regarding the amendment to Special Condition No.6. I will reach out to you and Madril as soon as I have AUSA's proposed amendment to Special Condition No.6."

6) Counsel immediately informed Mr. Sullivan that she did not authorize any such ex parte communication with the Court. Counsel advised Mr. Sullivan that she did not engage Mr. Grajeda in any negotiation. Counsel likewise did not authorize Mr. Grajeda to engage in any negotiation. Counsel reminded Mr. Sullivan that Mr. Grajeda is positioned as a defense witness, and reminding Mr. Sullivan that the Notice of Intent to call Mr. Grajeda as a witness had been filed.

Mr. Grajeda is NOT the defendant's current probation officer; he was the officer at the relevant time in the Motion to Revoke. He does not have any authority to

negotiate the resolution of a revocation to which he is not a party. Mr. Grajeda does not have permission or authorization from Counsel to speak to Mr. Sullivan on Mr. Madril's behalf.

Moreover, Mr. Grajeda is a defense witness with knowledge of the facts that is exculpatory to the allegations.  Mr. Sullivan and Mr. Grajeda cannot negotiate a settlement now, while litigation is pending. Their discussion was improper and any further contact prior to the hearing is improper.

As such Counsel asks the Court to order immediately that all contact between Mr. Grajeda and Mr. Sullivan cease and desist until such time as Mr. Grajeda is determined not to be a defense witness in the matter pending.

RESPECTFULLY SUBMITTED this 26th day of October 2022.

Law Offices of  
ISABEL MICHELA AMSEL  
/s/Isabel Michela Amsel  
ISBAEL MICHELA AMSEL  
Attorney for Defendant  

DISTRIBUTION: All ECF Participants