MERRICK B. GARLAND
Attorney General of the United States

ALEXANDER M.M. UBALLEZ
United States Attorney

SEAN J. SULLIVAN
Special Attorney
U.S. Department of Justice
U.S. Attorney's Office, District of New Mexico
201 Third Street, NW, Suite 900
Albuquerque, New Mexico 87102
Telephone: (505) 224-1514
E-mail: sean.j.sullivan@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR18-01309-TUC-RM (BPV) |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS GOVERNMENT'S PETITION TO REVOKE SUPERVISED RELEASE |
| Richard A. Madril, | |
| Defendant. | |

On October 27, 2022, counsel for the defendant, Richard A. Madril (hereinafter, "Defendant"), filed a motion, Doc. 259, to dismiss the United States' petition to revoke Defendant's conditions of supervised release, Doc. 244. The United States respectfully requests the Court deny Defendant's motion for the reasons stated below.

In the instant motion, Defendant asks the Court to deny the prosecution's petition for relief without an evidentiary hearing. Doc. 259. The Court should proceed to a hearing, however, because there are several contested issues of fact that are material to the question of whether Defendant violated the special condition of his supervised release prohibiting

him from self-employment in the legal field but allowing him to work as an employee of a legal office with approval of his probation officer and notice to his employer of third-party risks. *Id*. at 6.  Accordingly, the Court should conduct a hearing as scheduled to determine the merits of the government's motion.  *See e.g.*, *United States v. Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007) quoting *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (an evidentiary hearing on a defendant's motion to suppress is only necessary when "when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.")

In Defendant's view, he did not violate the conditions of his supervised release because he was merely working in the legal profession as a non-attorney assistant to his father, Richard S. Madril, who is a licensed attorney, with prior approval of his probation officer, Mr. Bill Grajeda, and notice to his father/employer of third-party risks.  Doc. 259. Defendant is wrong, however, because his conduct in handling the case of Ernesto Jacquez Aguirre – including giving unsupervised legal advice to Mr. Aguirre's wife, Ms. Lucia Duarte on several important matters – strayed beyond the limits of permissible legal assistant or paralegal work and into the area of the unlawful practice of law.  In doing so, Defendant violated the conditions of his supervised release.

The Rules of Professional Conduct are very clear.  A non-attorney who is employed in the legal field must work under the supervision of a licensed attorney.  *See* Arizona Rules of Professional Conduct 5.3.  A supervising attorney may delegate a wide range of tasks to a properly supervised non-attorney.  *See American Bar Association Model Guidelines for the Utilization of Paralegal Services* (2021) at 5 ("Many tasks may be delegated to

- 2 -

paralegals so long as they are properly supervised.")[1]  These ABA Guidelines are attached as Exhibit 1.  However, a non-attorney employee may not  overstep their bounds to "engage in the unauthorized practice of law."  *Id*. at 6.  In particular, a non-attorney may not take "(a) [r]esponsibility for establishing an attorney-client relationship[;] (b) [r]esponsibility for establishing the amount of a fee to be charged for a legal service[;] … [or] (c) [r]esponsibility for a legal opinion rendered to a client."  *Id*. at 9.

In this case, Defendant acted improperly because he rendered legal opinions to a client, Ms. Duarte,  about her husband's case without adequate supervision from his father-employee, Richard S. Madril, who was not present for the meeting.  Indeed, given that Ms. Duarte's husband was a holdover client from the defunct law practice of Defendant and his wife, Marivel Cantu-Madril, it is unclear what role, if any, Defendant's father has played in the case.  Nevertheless, when Defendant met with Ms. Duarte about her husband's case, he told her, "I don't foresee him getting into any trouble[,]"  Doc. 244, Exhibit 5 at 3, although Defendant knew that Ms. Duarte's husband at that time was "not a resident and ha[d] no status" in the United States, Doc. 244, Exhibit 6 at 5.  Defendant specifically advised Ms. Duarte about the documentation her husband would need if he planned to leave the country and then return later.  *Id*.  Defendant further advised her of the process for obtaining work authorization, including obtaining a form of government identification as

---

[1] These " "[t]asks … are delineated by various states, but generally include … factual investigation and research, legal research, the preparation of legal documents, attending client conferences, corresponding with and obtaining information from clients, witnessing the execution of documents, preparing transmittal letters, and maintaining estate/guardianship trust accounts."  *Id*.

a prerequisite.  *Id*. at 3-4.  According to Defendant, this "would basically allow him to be here without any issues."  *Id*. at 5.

Defendant also advised Mr. Duarte of the risks in her husband remaining in the United States without proper authorization.  *Id*. at 5.  Among other things, he told her that her husband might be able to "get away with" having an invalid Social Security card because "the IRS doesn't talk to Social Security, and they don't talk to Immigration."  *Id*. at 7.

Defendant conducted this meeting with Ms. Duarte at an otherwise empty office under conditions she has described as "strange" enough that she decided to record their conversation.  Doc. 244, Exhibit 4 at 3.  Richard S. Madril was not present, but Defendant advised Ms. Duarte she would need to pay his father a $500 to assist her in obtaining a work permit for her husband.  *Id*. at 8.  Defendant also told Ms. Duarte she owed "a big pie" for other previous legal services that did not involve his father, Doc. 224, Exhibit 6 at 3.  These facts are sufficient to create a legitimate issue of whether Defendant violated the terms of his supervised release by straying beyond limits of the special condition of supervised release limiting his employment in the legal profession.  The Court should therefore deny Defendant's motion and proceed to the hearing scheduled for November 16.

WHEREFORE, Defendant's motion should be denied.

Respectfully submitted this 7th day of November, 2022.

MERRICK B. GARLAND
Attorney General of the United States

ALEXANDER M.M. UBALLEZ

- 4 -

United States Attorney

*s/ Sean J. Sullivan*
SEAN J. SULLIVAN
Special Attorney

Copy of the foregoing served electronically or by
other means this 7th day of November, 2022, to Isabel Amsel.