Law Offices of
ISABEL M. AMSEL
20 South Stone #613
Tucson AZ 85701
 (AZ Bar No. 023945)
Email: *isabelamsel@outlook.com*
Telephone: (520) 400-0721
Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America,<br><br>      Plaintiff,<br><br>vs.<br><br>Richard A. Madril<br><br>      Defendant. | CR18-1309-RM (LAB)<br><br>**MOTION TO DISMISS MOTION TO REVOKE SUPERVISED RELEASE FOR VIOLATION OF DUE PROCESS (No Government Authority)** |
|---|---|

Defendant, Richard Madril, by and through undersigned Counsel, moves this Court to dismiss the Government 's Motion (DOC.#244).

The United States Attorney's Office has no authority to bring this action; even if that authority can be inferred, the matter has already been determined not to be a violation by Probation following standard, written procedures.

1

On August 5, 2022, the prosecutor filed a motion asking the court to find Richard Madril had violated Special Condition #6 of his supervised release.

The Government contention relates to an August 2021 meeting between Richard Madril and former client Lucia Duarte and her daughter.  The Government contends that Lucia Duarte's misunderstanding of communication that transpired during the meeting somehow violates Special Condition #6, despite the Probation Department's finding there was no violation. The specific allegation was that he "misled a client about the status of his removal case." (Doc.#24, 2 ,1)

The action here is commenced by a Motion to revoke defendant's conditions of supervised release, filed by the Assistant United States Attorney who prosecuted the underlying criminal case. Since the beginning of this action Counsel has struggled to discern any written procedure that defines this action: as a result a plethora of litigation has ensued and this 'revocation' has resulted in an outlay of resources comparative to the statutory maximum for a felony trial under CJA limits.  Yet the underlying facts, while originally producing some smoke, have already been determined by Probation to yield no flame at all.

As a preliminary matter, the form of the action begs the question: does an AUSA have authority or the power to file a violation of supervised release or does that power reside exclusively with the probation officer? Then, does the AUSA have the authority to bring the matter after the matter has been 'adjudicated' by probation, and if so what

is the written procedure for this and has that procedure been followed?  As next layer, if matter (addressed in a separate motion).  Does failure by the AUSA to disclose this prior 'adjudication', when contrary to the allegations, violate *Brady*, disclosure, and standards of Due Process?

PROCEDURE FOR REPORTING VIOLATIONS OF SUPERVISED RELEASE

U.S.S.G. 7B1.2 (a) the "probation officer" shall promptly report to the court and alleged Grade A or B violation. (b) The "probation officer"… shall promptly report to the court any alleged Grade C violation unless the officer determines that such violation is minor.

The Commentary to the Rule discusses the Probation Officer's Role. It reads, "the probation officer does not usurp the prosecutor's role by requesting the initiation of revocation proceedings because they are not criminal proceedings. *United States v. Mejia-Sanchez*, 172 F.3d 1172(9th Cir. 1999).  18 U.S.C. 3603 requires a probation officer to report the conduct of a person on supervised release to the court in certain circumstances.

Without discussing whether the conduct here even could be considered a Class C violation or not a violation at all.  The text of the Guidelines and Statute governing initiating and reporting a possible violation clearly designate that authority solely to the probation officer. There is no role described for a United States Attorney in the rules to initiate a supervised release violation proceeding.  There is no role providing an AUSA

can initiate a second revocation after probation has addressed the issue and decided not to notice the Court.

NO REVOCATION WARRANT UPON PROBABLE CAUSE

The process is properly commenced by issuance of a supervised release revocation warrant that must be supported by probable cause. *United States v. Greco*, 938 F.3d 891 (7th Cir. 2019). No such procedure was observed in this case. In fact, the assigned probation officer has not supported any of the action taken by the AUSA in this case.

The threshold issue before the court is whether an AUSA can usurp the role of the probation officer. Has this proceeding been brought in compliance with the controlling procedural rules for initiation of a violation of supervised release?

RULE 32.1 REVOKING SUPERVISED RELEASE

A person not in custody is brought to court in response to a summons. Rule 32(a)(2) The procedure has not been followed in this case. Next, the judge must inform the person of the alleged violation. Rule 32(a)(3)(A) It is not possible here as there is no standard charge form filed with the court. The motion makes several references to different acts and statements each of which is disputed by the defense.

PROBATION OFFICER REVIEW OF POSSIBLE GRADE C VIOLATION

When a probation officer is asked to evaluate material that may only constitute a Grade C violation, the Probation Officer may determine that the conduct does not need

to be reported to the court. U.S.S. G. 7B1.2, Application Note 1. The conduct described in the motion is non-criminal and at most a potential grade C violation.

In this case AUSA Sullivan forwarded material that ultimately reached Bill Grajeda, Richard Madril's probation officer. Bill Grajeda examined the material and met with Richard Madril and asked him to provide a credit report. After completing his investigation of the material Mr. Grajeda followed the guidance in the Application Note and decided the conduct did not need to be reported to the court.

After Mr. Grajeda declined to notify the court because he felt it did not meet the criteria for reporting, AUSA Sullivan filed the pending motion in August 2022. Mr. Grajeda followed the protocol as set forth in the U.S.S.G. AUSA Sullivan's actions do not refer to the U.S.S.G.

Non-compliance with the requirements of the U.S.S.G. renders the Government's Motion deficient. Dismissal of the motion is required.

CONVERSE SITUATION MORE COMMONPLACE

There have been many challenges to a probation officer's power to file a probation violation warrant. A probation officer has authority to file a petition to revoke supervised release. *United States v. Cofield*, 233 F.3d 405 (6th Cir. 2000) Allowing a probation officer to initiate a supervised release proceeding is not an improper delegation of a judicial function to a non-judicial officer. *United States v. Davis*, 151 F.3d 1304(10th Cir. 1998). However, there is no case law supporting the right of an AUSA to

initiate a supervised release revocation hearing. Moreover, there is nothing in the substance of this case that warrants the creation of an unwritten ancillary procedure, even were it permitted by the separation of powers.

DUTIES OF A PROSECUTOR

28 U.S.C.A. §547 provides:

Except as otherwise provided by law, each United States attorney, within his district, shall--

**(1)** prosecute for all offenses against the United States;
**(2)** prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned;
**(3)** appear in behalf of the defendants in all civil actions, suits or proceedings pending in his district against collectors, or other officers of the revenue or customs for any act done by them or for the recovery of any money exacted by or paid to these officers, and by them paid into the Treasury;
**(4)** institute and prosecute proceedings for the collection of fines, penalties, and forfeitures incurred for violation of any revenue law, unless satisfied on investigation that justice does not require the proceedings; and
**(5)** make such reports as the Attorney General may direct.

28 U.S.C.A. § 547 (West)

A violation of supervised release is not an "offense". Specifically, supervised release functions to give the Court some 'supervision' over post-conviction, post-custody defendants to proscribe behavior *more strictly* than criminal statutes, by agreement of the defendant, who can go to prison instead if he or she chooses. Nowhere in any part of the law "otherwise provided" describes any role nor any procedure for the United States Attorney's office to bring a revocation.

DUTIES OF A PROBATION OFFICER

The power to initiate supervised release revocation proceedings is vested in 18 U.S.C. 3603 A probation officer is a neutral information gatherer, not an agent of the government. *United States v. Belgard*, 894 F.2d 1092 (9th Cir. 1990). A probation officer unlike an AUSA is not an advocate. *United States v. Sifuentez*, 30 F.3d 1047 (9th Cir. 1994). A probation officer is a member of the judicial branch and his powers and duties are covered in Chapter 8 of The Guide to Judiciary Policy. The probation officer assists the court in the enforcement of the sentence imposed by the court.

CONCLUSION

The United States Attorney's Office has authority to prosecute "offenses".  There is no probable cause here for a criminal prosecution; there is no probable cause here for even the lowest grade of violation of supervised release; and even if there was a 'probable cause' level of evidence, which there is not, what IS the allegation, because the evidence provided **on its face**, without the taking of testimony, does not violate Special Condition #6.

No provision or authorization exists for an AUSA to initiate a Supervised Release Revocation Proceeding. AUSA Sullivan has acted beyond the scope of his authorization, and he has infringed on the prerogative of the probation officer. The entire action is a violation of the defendant's right to Due Process; that is, a right to the process authorized by law and to the customary application of its attendant regulations.

RESPECTFULLY SUBMITTED this 12th day of November 2022

                                              Law Office of
                                              ISABEL MICHELA AMSEL
                                              /s/ Isabel Michela Amsel
                                              Attorney for Defendant

DISTRIBUTION: All ECF Participants